J-S44022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LLOYD L. BUTLER | : | |
| | : | |
| Appellant | : | No. 914 EDA 2024 |

Appeal from the PCRA Order Entered March 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009687-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LLOYD L. BUTLER | : | |
| | : | |
| Appellant | : | No. 916 EDA 2024 |

Appeal from the PCRA Order Entered March 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009689-2012

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 19, 2024**

Lloyd L. Butler (Appellant) appeals from the order dismissing his third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A detailed recitation of the facts underlying Appellant's conviction is not necessary for this appeal.  On February 7, 2014, a jury convicted Appellant of

two counts of first-degree murder and one count of possession of an instrument of crime.[1]  On the same date, the trial court sentenced Appellant to life in prison without the possibility of parole.  This Court affirmed Appellant's judgment of sentence on November 12, 2015, and the Pennsylvania Supreme Court denied allowance of appeal.  ***See Commonwealth v. Butler***, 134 A.3d 488, 885 EDA 2014 (Pa. Super. 2015) (unpublished memorandum), ***appeal denied***, 135 A.3d 582 (Pa. 2016).

On May 17, 2016, Appellant timely filed his first *pro se* PCRA petition, alleging ineffective assistance of trial counsel.  The PCRA court denied Appellant's first PCRA petition; this Court affirmed; and our Supreme Court denied allowance of appeal.  ***See Commonwealth v. Butler***, 203 A.3d 351, 2006 EDA 2017 (Pa. Super. 2018) (unpublished memorandum), ***appeal denied***, 213 A.3d 1003 (Pa. 2019).

Appellant filed a second *pro se* PCRA petition on March 4, 2020, again claiming ineffective assistance of trial counsel.  Appellant also alleged he had "just become aware of the arrest of [Philadelphia Police] Detective [Philip] Nordo [(Detective Nordo)] and the alleged charges brought against him…." PCRA Petition, 3/4/20, at 3 (unnumbered).  Appellant argued Detective Nordo coerced a witness who identified Appellant prior to trial.  ***See id.*** at 1-3 (unnumbered).  Appellant also stated Detective Nordo "did other things that

_____

[1] 18 Pa.C.S.A. §§ 2502(a), 907.

- 2 -

[Appellant] will bring forward once he is appointed counsel…." *Id.* at 3 (unnumbered). After appropriate notice under Pa.R.Crim.P. 907, the PCRA court dismissed the petition. Although Appellant timely appealed, this Court dismissed the appeal due to his failure to file a brief. *See* Superior Court Order (1508 and 1509 EDA 2020), 1/6/21.

On April 8, 2023, Appellant filed a counseled PCRA petition, his third. Raising the newly-discovered fact and governmental interference PCRA timeliness exceptions, Appellant argued Detective Nordo engaged in sexual misconduct to secure Appellant's statement in the instant case. Appellant attached to his PCRA petition a sworn statement detailing his interactions with Detective Nordo following his arrest. Appellant averred, in part, that Detective Nordo "would try to rub [Appellant's] leg", "talk[ed] about gay porno", and "would be rubbing his penis while looking at [Appellant]." PCRA Petition, 4/8/23, Attachment (Sworn Statement dated 3/26/23).

Further, Appellant claimed he told his trial counsel, Earl Kauffman, Esquire (Attorney Kauffman), and his PCRA counsel, David Rudenstein, Esquire (Attorney Rudenstein),[2] about the sexual misconduct. Appellant also alleged he had retained a forensic psychiatric expert to complete an evaluation; he therefore requested additional time for the expert to prepare a report.

_____

[2] Attorney Rudenstein is now deceased.

- 3 -

On September 6, 2023, following an evaluation with Barry Zakireh, Ph.D. (Dr. Zakireh), Appellant filed a supplemental PCRA petition on September 6, 2023. Appellant attached to his supplemental petition a copy of the forensic psychological evaluation prepared by Dr. Zakireh. **See** Supplemental PCRA Petition, 9/6/23, P5 (Forensic Psychological Evaluation). Additionally, Appellant attached a Philadelphia Inquirer article concerning allegations against Detective Nordo, in which Attorney Kauffman referenced Appellant. **See id.**, P3 (Philadelphia Inquirer article).[3]

The Commonwealth filed an answer, including a motion *in limine*, in anticipation of the scheduled evidentiary hearing. The Commonwealth requested that the PCRA court preclude Dr. Zakireh from offering testimony concerning Appellant's credibility or the consistency of Appellant's allegations. Appellant filed a response in opposition to the motion *in limine*.

The PCRA court conducted an evidentiary hearing on November 21, 2023. At the start of the hearing, the parties discussed the Commonwealth's

_____

[3] The relevant portion of the article states:

> Private defense attorney Earl Kauffman said some cases might not be worth fighting.
>
> A client of his, Lloyd Butler, 38, was convicted in a 2014 trial that featured testimony from Nordo. But prosecutors presented two other strong witnesses, Kauffman said, and a judge likely would consider their statements in any challenge to the conviction.

Supplemental PCRA Petition, 9/6/23, P3 (Philadelphia Inquirer article).

motion *in limine*. The PCRA court stated it would "let some of [Dr. Zakireh's expert report] in[,]" and indicated that the Commonwealth should make specific objections. Dr. Zakireh, Attorney Kauffman, and Appellant testified during the hearing. On March 8, 2024, the PCRA court dismissed Appellant's PCRA petition.[4] This timely appeal followed.[5]

Appellant raises the following issue for review: "Did the PCRA [c]ourt err in finding Appellant's new evidence/governmental interference claim was untimely and/or lacked merit?" Appellant's Brief at 6.

"Our standard of review from the … denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Geer***, 936 A.2d 1075, 1077 (Pa. Super. 2007).

Preliminarily, we must address the timeliness of Appellant's PCRA petition. Under the PCRA, any petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes

_____

[4] The PCRA court filed a memorandum opinion and order denying Appellant's PCRA petition on March 4, 2024. A second order dismissing his petition followed on March 8, 2024. The docket also reflects that an order was filed on each date.

[5] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement.

final….” 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9544(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of an untimely petition. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003).

Here, Appellant's judgment of sentence became final in June 2016, when the time for seeking discretionary review in the United States Supreme Court expired. *See* U.S. SUP. CT. RULE 13. Appellant's PCRA petition, which he filed nearly seven years later, is therefore facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Appellant invokes the newly-discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), citing Detective Nordo's conviction as the new fact. *See* Appellant's Brief at 18. Appellant argues the conviction constitutes a "newly disclosed pattern and practice." *Id.* at 22.

Appellant claims that, following his arrest on March 23, 2012, he was transported to the police station, where he was placed in an interview room and shackled to a chair. *See id.* at 25. According to Appellant, Detective Nordo threatened Appellant throughout the interview. *Id.* at 26. Appellant argues Detective Nordo asked Appellant whether he liked gay pornography, "suggestively touched himself" in front of Appellant, and tried to rub Appellant's inner thigh. *Id.* at 26-27. Appellant also alleges he told another detective, John Verricchio, that Detective Nordo had touched him. *Id.* at 27. After these exchanges, Appellant asserts, Detective Nordo told Appellant that if Appellant did not provide a statement, he would be charged with homicide. *Id.* at 27-28.

The newly-discovered fact exception at subsection 9545(b)(1)(ii) "requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). Further, "Pennsylvania law is unmistakably clear that **only new facts**, not newly-uncovered information pertinent to previously known facts, trigger the timeliness exception pursuant to Section 9545(b)(1)(ii)." ***Commonwealth v. Branthafer***, 315 A.3d 113, 130 (Pa. Super. 2024) (emphasis added); ***see also Brown***, 111 A.3d at 176 (stating "the focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts." (citation and quotation marks omitted)).

The PCRA court addressed Appellant's newly-discovered fact claim as follows:

> [Appellant] has not pled and proved that the allegations of sexual misconduct against Detective Nordo were unknown to him. In this instant [PCRA] petition, [Appellant] alleges that he only became aware that Detective Nordo had a history of sexual misconduct after Detective Nordo's sentencing in December 2022. [Appellant] asserts that he had no way of knowing that he was not just an isolated victim of Detective Nordo's sexual misconduct, but was one of a number of victims[,] prior to Detective Nordo's sentencing.
>
> However, if [the PCRA c]ourt were to believe [Appellant's] allegations, then he would have known about Detective Nordo's sexual misconduct in 2012. Although Detective Nordo's pattern of sexual misconduct did not become known publicly until after he was fired in 2018, [Appellant] would have been aware of it from Detective Nordo's actions during his interviews. Given that he was aware of Detective Nordo's alleged misconduct **in his case** in 2012, his claim does not satisfy the newly-discovered fact exception.

PCRA Court Opinion, 3/4/24, at 13-14 (emphasis added). The PCRA court further concluded:

> As [Appellant] alleges he was a victim of sexual misconduct by Detective Nordo in 2012[,] and he admitted that he was aware of the allegations against Detective Nordo in other cases in 2019, [Appellant] has failed to establish that the facts underlying his claims were unknown to him prior to Detective Nordo's sentencing in December 2022.

*Id.* at 15.

Moreover, even if the court could reach the substantive after-discovered evidence claim, the PCRA court emphasized that evidence of Detective Nordo's 2022 conviction in an unrelated case could only be used to impeach Detective Nordo's credibility. *Id.* at 18-19 (citing ***Commonwealth v. Johnson***, 179

A.3d 1105, 1123 (Pa. Super. 2018) (filing of criminal charges against detectives in an unrelated matter does not meet the after-discovered evidence test since such evidence would be used solely to impeach)).

We agree with the PCRA court's conclusion. Appellant asserted the written statement he provided to police in March 2012 was the product of Detective Nordo's sexual misconduct. As the subject of Detective Nordo's alleged sexual advances, Appellant was aware of the sexual misconduct at that time. The new "fact" of Detective Nordo's conviction in an unrelated case cannot now provide Appellant a new basis for relief. Further, to the extent Appellant claims Detective Nordo's conviction establishes the detective engaged in a pattern or practice of sexual misconduct, that "fact" constitutes, at best, "newly-uncovered information pertinent to previously known facts[.]" *Branthafer*, 315 A.3d at 130. Appellant therefore failed to plead and prove the newly-discovered fact exception at subsection 9545(b)(1)(ii).

Appellant also argues the Commonwealth's failure to disclose Detective Nordo's criminal conduct constitutes a *Brady*[6] violation. *See* Appellant's Brief at 47-49. Though only obliquely argued in his brief, Appellant suggests the alleged *Brady* violation satisfies the governmental interference exception at subsection 9545(b)(1)(i). *Id.* at 51.

> Although a *Brady* violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference

_____

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

by government officials, and the information could not have been obtained earlier with the exercise of due diligence.

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

The PCRA court concluded, and we agree, that Appellant "failed to aver any facts which establish that his failure to previously raise this claim was the result of governmental interference or that he exercised due diligence." PCRA Court Opinion, 3/4/24, at 15. Appellant generally argues police and the District Attorney's Office knew about Detective Nordo's pattern and practice of sexual misconduct, but failed to make that information available or act upon reports filed by other victims. ***See*** Appellant's Brief at 51. However, Appellant fails to explain how governmental interference prevented him from raising a claim concerning his own purported mistreatment in 2012. As we explained above, a lack of information concerning Detective Nordo's misconduct in other cases did not prevent Appellant from alleging misconduct **in his own case**. Accordingly, Appellant failed to plead and prove the timeliness exception at subsection 9545(b)(1)(i).

Because Appellant failed to establish an exception to the PCRA's time-bar, the PCRA court properly dismissed Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024